1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN HJELTNESS,

          Petitioner,

   v.

JAVIER CAVAZOS, Acting Warden,

          Respondent.
_____/

No. C 10-01858 SBA (PR)

**ORDER GRANTING IN FORMA PAUPERIS STATUS; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner also seeks leave to proceed <u>in forma pauperis</u>.  It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

    1.     Petitioner's application to proceed <u>in forma pauperis</u> is GRANTED.

    2.     The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[1]  The Clerk shall also serve a copy of this Order on Petitioner at her current address.

    3.     Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

---

    [1]  Javier Cavazos, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.     If Petitioner wishes to respond to the Answer, she shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of her receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5.     Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

8.     Petitioner's motion for appointment of counsel (docket no. 7) is DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court).  Petitioner clearly presented her claims for relief in the petition and an order to show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).

**United States District Court**
For the Northern District of California

This denial is without prejudice to the Court's <u>sua sponte</u> reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.  <u>See</u> <u>Knaubert</u>, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

        8.     This Order terminates Docket nos. 5 and 7.

        IT IS SO ORDERED.

DATED: <u>8/25/10</u>

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  SUSAN HJELTNESS,                          Case Number: CV10-01858 SBA

7          Plaintiff,                    **CERTIFICATE OF SERVICE**

8     v.

9  TINA HORNBECK et al,

10         Defendant.
   _____/

11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

13
    That on August 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
14  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15  located in the Clerk's office.

16

17
    Susan M. Hjeltness X26775
18  Valley State Prison for Women
    P.O Box 96
19  Chowchilla, CA 93610

20  Dated: August 25, 2010

21                                    Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

22

23

24

25

26

27

28

United States District Court
For the Northern District of California