IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN HJELTNESS,

    Petitioner,

  v.

JAVIER CAVAZOS, Acting Warden,

    Respondent.
                                /

No. C 10-01858 SBA (PR)

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

    Petitioner has filed a second motion for appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

1 facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas
2 Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only
3 when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
4 due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
5 Cir. 1965).
6     At this time, the Court is unable to determine whether the appointment of counsel is
7 mandated for Petitioner. Accordingly, the interests of justice do not require appointment of counsel,
8 and Petitioner's request is DENIED. This denial is without prejudice to the Court's sua sponte
9 reconsideration should the Court find an evidentiary hearing necessary following consideration of
10 the merits of Petitioner's claims.
11     This Order terminates Docket no. 20.
12     IT IS SO ORDERED.
13
14 Dated: 5/24/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SUSAN HJELTNESS,

        Plaintiff,

  v.

TINA HORNBECK et al,

        Defendant.

Case Number: CV10-01858 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Susan M. Hjeltness CDCR# 26775
Valley State Prison for Women
P.O Box 92
Chowchilla, CA 93610

Dated: May 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Hjeltness1858.Atty2.frm         3